UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LAURETTA HENRY,

    Plaintiff,

v().                                                                   Hon. Hala Y. Jarbou

MEIJER GREAT LAKES LIMITED          Case No. 1:21-cv-00583
PARTNERSHIP,

    Defendant.

### ORDER

This matter is before the Court on Defendant Meijer Great Lakes Limited Partnership's Motion to Compel Production of Documents (ECF No. 33), Plaintiff's Motion to Compel Discovery (ECF No. 41), and the parties' Joint Motion to Extend Scheduling Deadlines (ECF No. 54).

**ECF No. 33 – Defendant's Motion to Compel**

For the reasons stated on the record at the hearing held February 28, 2022, Defendant Meijer Great Lakes Limited Partnership's Motion to Compel Production of Documents (ECF No. 33) is **granted in part and denied in part**.

**ECF No. 41 – Plaintiff's Motion to Compel**

Plaintiff's Motion to Compel Discovery (ECF No. 41) raises three issues. It is granted in part, denied as moot in part, and denied in part, as set out below.

First, Plaintiff seeks to compel certain information responsive to Requests for Production Nos. 8 and 10 relating to training materials. Defendant has agreed to produce that information, so that portion of the motion is **denied as moot**.

Second, she seeks an order compelling Meijer to produce information responsive to Interrogatory No. 3, related to identification of the names and contact information of individuals who worked in the same department and/or work area as James Henry from 2017 to the end of his employment. As stated on the record, that portion of the motion is **granted**.

Third, Plaintiff requests an order compelling production of documents pursuant to their Request for Production No. 14. That request states as follows:

> Request No. 14: All email correspondence sent to or received by Roger Carter, Robert Bullard, Tayyar Pektunus, Jason Palomba, Mike Sontag, James Kushner, AJ Harris, Gary Jones, Luis Gonzales, Jerome Houston, Robert Elsworth, and Hugh Ramsey that contain "James" or "Henry" AND at least one of the following terms: "promot!"; "noose"; "nigg!"; "slave"; "lynch"; "investig!"; "remed!"; "train!"; "race"; "racial"; "discrim!"; "harass!"; "retal!"; "leave"; "hostil!"; "Title VII"; "Equal Employment Opportunity Commission"; "EEOC"; "charge of discrimination"; "inappropriate"; "termin!"; "discharge!"; "fir!"; "disciplin!"; "write-up"; "write up"; "warning"; "seiz!"; "quit!"; "suicid!"; or "resig!" from January 2016 to present.

(ECF No. 42-4, PageID.370.)

Defendant Meijer argues the requests are inappropriate because they do not identify the category of relevant information that is to be produced. It also argues that the search terms are overburdensome and disproportionate to the litigation, noting that it has run the searches requested and that they result in 12,800 documents.[1] This is not surprising because, while the search terms require the hits to contain the words "Henry" or "James," these are not uncommon names. Meijer also notes that this request is duplicative of other requests in which Plaintiff articulated a category of documents to be produced. Indeed, Plaintiff served 90 document requests to Defendant Meijer, a number disproportionate to the needs of this case.

---

[1] Plaintiff argues that this is an overstatement of the volume because Meijer has not "dethreaded" the documents, resulting in an inflated number of duplicate documents. Nonetheless, even at a fraction of that number, and for the other reasons stated in this order, the request is overbroad and unduly burdensome.

Moreover, counsel proffers that Defendant Meijer's document retention policy is to retain documents for 90 days. Plaintiff sent Defendant a demand letter at the end of March 2019, which Defendant received in April 2019. Defendant Meijer then instituted a litigation hold. For all but one custodian, a human resources employee, documents would only have been retained from January or February of 2019. Because Mr. Henry left Meijer in December 2018, it is unlikely that the documents being searched would contain responsive documents, except as to that single human resources employee.

This is an unusual document request in that it does not identify a category of documents to be produced based on its subject matter. Rather, it offers a set of search terms that Plaintiff hopes will return documents relevant to its case. A Rule 34 Request for Production may not be comprised solely of search terms without a plain-language description of the information being sought. *See Phillips v. Boilermaker-Blacksmith National Pension Trust*, 2020 WL 5642341 (D. Kan. Sept. 22, 2020) (noting the court is "dubious" that such a request would be appropriate). In *Phillips*, the court stated that "[t]he absence of a plain-language description of the 'big picture' deprives the parties and the Court of the lines needed to 'connect the dots' represented by the search terms." *Id.* at *4. The Court agrees with Defendant that simply issuing a set of search terms and custodians without a particular tie to the categories of documents to be discovered gets the process backward.

Likewise, Plaintiff's argument that Meijer should not be allowed to review the documents for relevance before producing them to Plaintiff because Defendant should not be the sole arbiter of relevance is misplaced. That is not the standard under Rule 26(b)(1), which provides that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See Palmer v. Cognizant Tech. Sols. Corp.*, No. CV 17-6848, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021). "The Court will not

compel defendants to produce any document simply because it contains a search term whether or not it is responsive to the discovery request, or, by extension, whether or not it is relevant and proportional to the needs of the action." *Id.*; *see also FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879, 2016 WL 6522807, at *8 (S.D. Cal. Nov. 3, 2016) (finding review for relevance warranted after electronic search). Indeed, the cases Plaintiff cites for that proposition are wholly inapposite to this type of request.

In addition, Plaintiff argues that any discussion of Mr. Henry after he left Meijer would be highly relevant. The Court agrees, but she proffers no evidence (at least as the record is currently before the Court) of any such discussion for any particular custodian. Requiring Meijer to review voluminous records gleaned from search term hits on documents created after Mr. Henry left Meijer without some evidence that such discussions even occurred is not proportional to the litigation.

Plaintiff argues that Meijer has waived any objection to the document request because it indicated that it would not withhold documents on the basis of its objections. Meijer, in its initial responses on November 11, 2021, set out a number of objections including to relevancy and overbreadth. It stated, however, that it would meet and confer regarding the appropriate scope of the search. (ECF No. 52-3, PageID.509.) The parties then exchanged voluminous correspondence meeting and conferring regarding Defendant's response. (ECF No. 42-5, PageID.404 (Plaintiff's December 3, 2021 Letter); ECF No. 42-5, PageID.408-09 (Plaintiff's January 11, 2022 letter); ECF No. 42-5, PageID.412 (Plaintiff's January 14, 2022 letter); ECF No. 52-1, PageID.499 (Defendant's January 28, 2022 letter); ECF No. 42-5, PageID.414-15 (email exchange); ECF No.

4

52-1, PageID.502 (email exchange); ECF No. 52-5, PageID.517 (email exchange); ECF No. 52-6, PageID.524-27 (email exchange); ECF No. 52-7, PageID.529-33 (email exchange).[2]

On January 18, 2022, Meijer updated its response to the document request to include the following language after its objections:

> Without waiving these objections, Meijer states that it has not withheld any documents on the basis of these objections. Meijer has conducted the requested search, and responsive documents were produced in Meijer's initial and supplemental document productions.

(ECF No. 42-4, PageID.371.) Plaintiff argues that this response was deceptive, and as such, Meijer has waived any objection to producing documents responsive to this request. (ECF No. 42, PageID.303-07.)

It is clear from the correspondence, however, that Plaintiff was aware that Meijer was withholding documents that were search term "hits" during the meet and confer process. For example, on January 24, 2022, Plaintiff's letter notes:

> Meijer's response indicates that there are 18,000 responsive documents. To date, Meijer has only produced 287 documents in its December 17, 2021 production. Meijer is plainly withholding over 98% of the responsive documents, despites [sic] its proclamation to the contrary.

(ECF No. 42-5, PageID.412.) It is also apparent from the correspondence cited above that the parties were engaged in detailed discussions of how to appropriately narrow Plaintiff's request. Meijer's response that it has not withheld any documents on the basis of these objections, while inartful drafting, is more appropriately read in the context of the parties' meet and confer process. Indeed, on February 1, 2022, counsel for Meijer states that, throughout the meet and confer process, Meijer was "clear that we were not producing all documents that were technically responsive to the request given the overbreadth of the search terms." (PageID.420.) Given the

---

[2] It should be noted that there is some overlap in these exhibits.

5

parties' ongoing discussions regarding the search terms, and the absurdity of Plaintiff's requirement that Meijer produce irrelevant documents just because they were a search term "hit," the Court will not deem Meijer's response a waiver of its objections.

Because Request No. 14 is not a proper request for production of documents, and in any event is overbroad, unduly burdensome, and disproportionate to the litigation, Plaintiff's motion to compel as to this request is **denied**.

However, that does not end the matter. As noted, Plaintiff has propounded at least 89 other requests for production. Nothing in this order relieves Meijer of its obligation to make *reasonable* efforts to find electronic documents that are responsive to Plaintiff's proper requests. The parties are ordered to continue to meet and confer as to appropriate search terms, time frames for those search terms, and custodians. Meijer must review those documents to determine whether they are relevant and responsive to Plaintiff's other requests for production and, if so, produce them. Because the arguments in this case centered around the propriety of the request, the Court leaves for the parties to determine, in the first instance, whether they can come to an agreement on terms, considering the Court's view of the overbreadth of Plaintiff's request, particularly as to the likelihood of responsive documents during the time frame between when Mr. Henry left Meijer and shortly after his suicide.[3]

In addition, both parties are ordered to update their responses to requests for discovery **within seven days** to accurately set forth whether they are withholding documents on the basis of their stated objections.

---

[3] During the hearing, defense counsel could not provide specific information about the number of search term hits in particular time frames.

**ECF No. 54 – Joint Motion to Extend Scheduling Deadlines**

The parties' Joint Motion to Extend Scheduling Deadlines (ECF No. 54) is **granted in part and denied in part**.  An Amended Case Management Order will issue.

IT IS SO ORDERED.

Dated: March 7, 2022	  /s/ Sally J. Berens	
                                                                    SALLY J. BERENS	
                                                                    U.S. Magistrate Judge